# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

---

In the Matter of Proving the Will of ANN BUCKLEY, Deceased.

*Jurisdiction of Surrogate's Courts over applications for probate of wills — exclusive, when the decedent was a resident of the county at the time of his death — duty of the surrogate of one county to decline to entertain an application for the probate of an alleged will while an earlier application for proof of a will of the decedent is pending in another county.*

APPEAL by James O'Connor from an order of the surrogate of Monroe county.

On the 24th of September, 1885, Ann Buckley died at Farmington, in the county of Ontario, leaving two instruments, one dated the 19th of August, 1885, and the other dated the 12th of September, 1885, the former of which is alleged by the appellant, and the latter of which is alleged by the respondent, to be the last will of said deceased. On the 1st day of October, 1885, the respondent, who was named in the latter instrument as the executrix thereof, presented her petition to the surrogate of the county of Ontario, duly verified, alleging that the said deceased was, at the time of her death, a resident of the county of Ontario, and that she died possessed of personal property in that county, and praying for probate and citation. Thereupon the surrogate of that county issued a citation directed to the heirs-at-law and next of kin of the decedent, returnable on the 24th of November, 1885, which, on the second day of October, was served on three of the persons cited.

On the fifth day of October the appellant herein, who is named in the earlier instrument as the executor thereof, filed his petition for the probate thereof, duly verified, in the Surrogate's Court of the county of Monroe, alleging that the decedent, at the time of her death, was a resident of the latter county and that all her property was situated at that time in the city of Rochester. Thereupon the surro-

gate of Monroe county issued a citation returnable on the nineteenth of November, which was served on the day it was issued on one or more of the heirs-at-law of the deceased. Upon the return day of that citation the respondent, Mrs. O'Connell, who was named as a legatee in the earlier instrument, appeared and filed objections to the probate of said instrument, alleging, first, that the deceased, at the time of her death, was a resident of the county of Ontario and not of Monroe; and, secondly, the making of the later instrument, and the instituting of proceedings for the probate of the same in the Surrogate's Court of Ontario, as above stated.

The surrogate of Monroe thereupon made an order which, after reciting the coming on of the matter to be heard upon the petition of the appellant, the objections made by the respondent, and that it appeared from the proofs before him that the citation from the Surrogate's Court of Ontario was duly issued and served before the issuing of the citation from the Surrogate's Court of Monroe, adjudged that the Surrogate's Court of Ontario thereby acquired exclusive jurisdiction to try the preliminary question of the residence of the decedent. The said order further stated that the court would dismiss the proceedings before it, were it not for the additional expense which would be entailed upon the estate in case the surrogate of Ontario should decide that the residence of the deceased was, at the time of her death, in the county of Monroe, and it was, therefore, further ordered that the case be adjourned until the 29th of December, 1885, to enable the surrogate of Ontario to determine the question of residence; the order also provided that in case the surrogate of Ontario should decide that the decedent was, at the time of her death, a resident of the county of Ontario, then that said proceeding be dismissed. From that order this appeal is taken.

The court at General Term said : " The counsel for the respondent contends that the order is merely an order of adjournment, and, therefore, is not appealable. It is more than that. It dismisses the proceeding in a certain contingency therein specified, and to that extent may be said to affect a substantial right. Whether, however, an appeal will lie before the contingency has happened, and the order has had the effect to work a dismissal, is a question of some doubt, which it is unnecessary to consider in the view we take of the merits of the appeal.

" Treating the order as a dismissal of the proceeding on the ground that the surrogate of Ontario had acquired prior exclusive jurisdiction to try the question of residence, we think it is clearly right. Section 2475 of the Code of Civil Procedure provides that jurisdiction, once duly exercised over any matter by a Surrogate's Court, excludes the subsequent exercise of jurisdiction by another Surrogate's Court, over the same matter, and all its incidents, except as otherwise specially prescribed by law. That provision controls here. The Surrogate's Court of each county has jurisdiction, exclusive of every other Surrogate's Court, to take the proof of a will, where the decedent was, at the time of his death, a resident of that county, whether his death happened there or elsewhere. (Code, § 2476.) The petition that was presented to the Surrogate's Court of Ontario, followed by the service of its citation upon one or more of the parties to whom it was directed, gave that court jurisdiction to try the question of residence, of which jurisdiction that court could not be deprived by subsequent proceedings in the Surrogate's Court of another county. (*Bumstead* v. *Read*, 31 Barb., 661; *People ex rel. Weatherhead* v. *Waldron*, 52 How. Pr., 221.) The case of *People ex rel. James* v. *Surrogate of Putnam County* (21 Weekly Dig., 498), cited by the appellant's counsel, does not sustain his position, and accords with the cases above cited. The order appealed from was judiciously framed to avoid an unseemly conflict of jurisdiction, and to save the estate from needless expense.

" It should be affirmed, with ten dollars costs and disbursements to be paid by the appellant."

*D. C. Feely*, for James O'Connor, proponent and appellant.

*John Colmey*, for Mary A. O'Connell, contestant and respondent.

Opinion by SMITH, P. J.; BARKER, HAIGHT and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.